IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 7 ~ 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02491-BNB

SIRRLOVE WILLIAMS,

      Applicant,

v.

WARDEN BRILL,
ASSISTANT WARDEN NEIL,
ASSISTANT WARDEN WILKERSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO DENVER [sic],

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Sirrlove Williams, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Kit Carson

Correctional Center in Burlington, Colorado.  Mr. Williams initiated this action by filing

**pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

challenging the validity of his conviction in Denver District Court case number

04CR2276.  He has been granted leave to proceed **in forma pauperis** pursuant to 28

U.S.C. § 1915.

On November 4, 2009, Magistrate Judge Boyd N. Boland ordered Respondents

to file within twenty days a pre-answer response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A).  On December 2, 2009, after being granted

an extension of time, Respondents filed their pre-answer response alleging that the

application is barred by the one-year limitation period in 28 U.S.C. § 2244(d) and that Mr. Williams failed to exhaust state remedies.  Applicant failed to reply to the pre-answer response within the time allowed, although he was given the chance to do so.

The Court must construe Mr. Williams' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the habeas corpus application.

Although in his application Mr. Williams alleges that he entered a plea of not guilty and that his case went to trial before a jury, the state register of actions shows that he entered a plea of guilty to one count of possession of a controlled substance over one gram. *See* pre-answer response, ex. A (register of actions) at 6.  On February 1, 2005, he was sentenced to six years of community corrections. *See id.* He did not appeal directly from his conviction or sentence.  On March 12, 2005, the trial court received notice that Mr. Williams had been rejected from community corrections. *See id.*  On March 21, 2005, he was resentenced to six years of probation. *See id.* at 6-7.

On November 27, 2006, Mr. Williams filed a motion for "ineffective counsel" and withdrawal of his plea. *See id.* at 10.  While he does not appear to have filed the motion pursuant to a specific rule, the trial court properly would have treated it as a motion for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure because challenges to the validity of a defendant's plea or the

2

manner in which it was taken properly are initiated under Colo. R. Crim. P 35(c).

*See* Colo. R. Crim. P. 35(c)((2)(I); *see also People v. Nieto*, 715 P.2d 1262, 1264-

65 (Colo. App. 1985) ("While his motion refers to no specific rule of procedure,

considering its language, we treat it as a Crim. P. 35(c)(2)(I) motion."). The state

register of actions does not indicate that the trial court ruled on the motion.

On December 3, 2007, Mr. Williams admitted a violation of his probation, and

the trial court revoked his probation. *See* pre-answer response, ex. A at 13. On

January 22, 2008, he received another term of probation for five years. *See id.* On

August 4, 2009, pursuant to a plea agreement in another case, Mr. Williams

admitted to a probation violation, and the trial court revoked his probation and

resentenced him to six years in the DOC. *See id.* at 14. On September 16, 2009,

Mr. Williams filed a notice of appeal in the Colorado Court of Appeals. *See id.* The

record on appeal indicates that the appeal is not yet concluded. Respondents

assert that they confirmed on November 23, 2009, through a telephone call to the

Colorado Court of Appeals that the appeal is pending. Mr. Williams does not refute

this assertion.

On October 14, 2009, Mr. Williams submitted the instant application to this

Court, which filed the application on October 23, 2009. Mr. Williams asserts two

claims: (1) that his court-appointed attorney was addicted to cocaine and lacked the

ability to inform him of his rights, thereby resulting in a violation of his right to due

process, and (2) that his court-appointed attorney was suicidal and did not provide

him with "fair and equal protection of law or representation." Application at 6.

3

It is unclear from the record currently before the Court whether Mr. Williams raised either of his asserted claims as a federal constitutional claim in the state courts. He did not file a direct appeal from his conviction and sentence and, therefore, failed fairly to present on direct appeal the claims asserted in the instant action. Mr. Williams did appeal in a timely manner from the trial court's August 6, 2009, order resentencing him to six years in the DOC. However, that appeal currently is pending before the Colorado Court of Appeals. Therefore, even if he has raised before the state appeals court the claims he asserts here, he cannot have exhausted state remedies because his appeal is not yet concluded.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v.*

*Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not

require a habeas corpus petitioner to cite "book and verse on the federal

constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not

enough that all the facts necessary to support the federal claim were before the

state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim

must be presented as a federal constitutional claim in the state court proceedings in

order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per

curiam).  Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner

bringing a federal habeas corpus action bears the burden of showing that he has

exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398

(10th Cir. 1992).  Therefore, the application will be denied and the action dismissed

for Mr. Williams' failure to exhaust state remedies before seeking federal court

intervention.  Because the action will be dismissed for failure to exhaust state

remedies, the Court need not address Respondents' remaining arguments for

dismissal.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is

dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant, Sirrlove Williams, has not made a substantial showing of the denial of a

constitutional right so that jurists of reason would find it debatable whether the

procedural ruling is correct and whether the underlying claims have constitutional

merit.

DATED at Denver, Colorado, this _6th_ day of _____January_____, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02491-BNB

Sirrlove R. Williams
Prisoner No. 83577
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on __1/7/10__

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk